"A judgment of criminal conviction had in one state cannot be used to show or prove a witness incompetent in another state, where the witness has been convicted of an infamous crime in the former"—citing, among other authorities, Commonwealth v. Green, 17 Mass. 515; Campbell v. State, 23 Ala. 44; Sims v. Sims, 75 N. Y. 466; National Trust Co. v. Gleason, 77 N. Y. 400, 33 Am. Rep. 632; 1 Greenl. Ev. (13th Ed.) § 376, note 2, and section 506; 1 Bishop, Crim. Law, § 109; also section 976, and note; Wharton, Crim. Ev. § 363, note, and section 489.

The court, in overruling this contention, says:

"Leaving out of view any statutory provision upon the subject, the position of the Assistant Attorney General is sustained by very high, if not the great, weight of authority," and "we would incline to the view contended for by the Assistant Attorney General, were we called upon to decide the question without being controlled by statutory enactment."

They then hold that the words "or in any other jurisdiction" in the Code, embraces within its terms judgments of convictions had in other states in the Union. However, they also discuss at some length what is necessary to be shown to render a judgment of conviction in another state sufficient to render a person incompetent as a witness in the courts of this state, and these rules have been adhered to in this court since the rendition of that opinion, and we do not deem it necessary to discuss the question at length again, but merely to restate the rule as therein announced. A judgment of conviction for a felony in a foreign state will render a person an incompetent witness in a criminal action in this state when the following facts are shown: That the person has been finally convicted of an offense in a foreign state; that the offense of which he was convicted was a felony under the laws of the state in which he was convicted, and such an offense would be a felony under the laws of this state if committed within its bounds.

[3] The best evidence of such a state of case would be a copy of the indictment and final judgment of conviction properly certified to, together with a copy of the laws of that state showing that such acts constitute a felony under the laws of such state. Having before us a copy of the indictment, we would judicially know whether or not such an offense was a felony under the laws of this state. In saying this would be the best evidence, we would not be understood as saying that other legitimate evidence could not be adduced to prove such facts, or that they could not be proven by secondary evidence, if no objection was made.

[4] However, in this case the evidence does not show nor tend to show, of what offense appellant was convicted in California, nor whether or not the offense of which he was convicted was a felony under the laws of that state, and certainly, without any evidence of what the offense consisted, we cannot know whether or not such an offense is a felony under the laws of this state. This being the state of the record, the court did not err in permitting the evidence of Claude Rice at the former trial to be reproduced as it is manifest by the record that he is permanently beyond the jurisdiction of the court.

[5] The evidence, and all the evidence, would show that Claude Rice obtained the possession of the property under circumstances that would constitute theft, and not embezzlement, and those bills which complain of the introduction of the evidence of Rice and Barrett, because their evidence would show that Rice was guilty of embezzlement, present no error. There must have been a trust relation existing between Rice and the person from whom he obtained the goods before the evidence would suggest a case of embezzlement. The person in possession, nor the owner of the goods, did not know Rice, and he obtained possession of the goods without their knowledge or consent. The owner had gone in bathing and deposited his valuables with the bathhouse keeper, and Rice, in some way not disclosed, had obtained possession of the check given for the goods to the owner. He took this check and presented it to the bathhouse keeper, and obtained the watch, diamonds, rings, and at once proceeded to appropriate them to his own use. The next day the jewelry was delivered into the possession of appellant, who concealed it in his safety deposit vault. Such evidence does not raise the issue of embezzlement by Rice, but theft pure and simple.

[6] All evidence which would have been admissible on the trial of Rice to show that he was guilty of theft was admissible on this trial to show that the goods delivered to appellant were stolen goods, and the court did not err in so holding. Of course, the evidence would have to go further, and show that appellant, at the time he received the goods, knew they were stolen goods, and, with this knowledge, concealed them. This it did apparently to the satisfaction of the jury.

There was no objection made to the charge at the time it was submitted to appellant's counsel for inspection. No special charges were requested, and, the court having very fairly and fully submitted the issues made by the testimony, and in a way not complained of by appellant, the judgment is affirmed.

---

Ex parte KELLETT.  (No. 3349.)

(Court of Criminal Appeals of Texas.  Dec. 2, 1914.)

BAIL (§ 43*)—RIGHT TO ADMISSION TO BAIL.

Where it appeared with reasonable certainty that accused killed deceased, and that the

evidence would raise no question of self-defense or of the lesser degrees of homicide, it was proper to refuse accused admission to bail.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 153–164; Dec. Dig. § 43.*]

Appeal from Criminal District Court, Harris County; C. W. Robinson, Judge.

Ex parte application by Jack Kellett for a writ of habeas corpus to procure his admission to bail. From an order denying bail, he appeals. Affirmed.

Kahn & Williams, of Houston, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Relator has appealed from the order of the district judge denying him bail on a habeas corpus hearing. He has been indicted for murder. One ground of his application is based on his claim that confinement will endanger his life. The evidence is insufficient to show this. In fact, the relator's attorneys practically, if not actually, conceded this when the case was submitted. We have carefully read and studied the evidence. We think it shows with reasonable certainty that appellant killed the deceased, and that no other did; that if he did, the offense is murder. We think no question of self-defense or any less grade of offense than murder is raised. We therefore, cannot disturb the judgment of the lower court refusing bail. We will not discuss the evidence. What little we have said about our conclusions from the evidence must not be used on any trial against appellant, and is not intended for such use or purpose.

The judgment denying bail is affirmed.